Philip Giles (SBN 272582)
PGiles@piteduncan.com
Arnold L. Graff (SBN 269170)
agraff@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR14 Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>DAVID ROGER GAUDRY,<br><br>Debtor. | Case No. 12-32811- DM<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: November 8, 2012<br>TIME: 1:00 PM<br>PLACE: San Francisco U.S. Trustee Office<br><br>CONFIRMATION HEARING:<br>DATE: December 19, 2012<br>TIME: 1:30 PM<br>CTRM: 22 - Montali |

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR14 Trust[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, David Roger Gaudry (hereinafter

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

"Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. JPMorgan Chase Bank, N.A. - 156 acts as the servicing agent for Creditor. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

1. On or about August 16, 2005, Debtor and Nancy Spottiswoode (hereinafter "Borrowers:"), for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA (hereinafter "Lender") a Promissory Note in the principal sum of $900,000.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. On or about August 16, 2005, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 356 Madrone Avenue, Larkspur, California 94939 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 23, 2005, in the official records of the Marin County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation ("FDIC") as receiver of WAMU and JPMorgan, dated September 25, 2008, JPMorgan acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, JPMorgan became the owner of the loans and loan commitments of WAMU, including the Loan. A copy of the Affidavit of the FDIC evidencing the foregoing is attached hereto as **Exhibit C**.

4. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached hereto as **Exhibit D** and incorporated herein by reference.

5. On or about October 2, 2012, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $2,016.00 per month for sixty (60) months. Of the sum paid to the Chapter 13 Trustee, Creditor will be paid on its pre-petition

arrears, which are listed in the amount of $40,947.96.

6.   Creditor is in the process of finalizing its Proof of Claim in this matter. The estimated pre petition arrearage on Creditor's secured claim is in the sum of $68,270.02.

7.   Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,137.83 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.  DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $40,947.96. The actual pre-petition arrears equal $68,270.02. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.  PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,137.83 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C.  FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

1.   Debtor's Schedule J indicates that the Debtor has disposable income of <$5,164.20>. However, Debtor proposes to apply $2,016.00 monthly to the Chapter 13 Plan. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

/././

2. Debtor's Schedule J indicates that the Debtor has disposable income of <$5,164.20>. However, Debtor will be required to apply $1,137.83 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Debtor's case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: October 24, 2012         /s/ *Philip Giles* (SBN 272582)
Attorneys for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR14 Trust